## PALACE THEATRE v. UNITED STATES.
### No. 8621.

Circuit Court of Appeals, Seventh Circuit.
March 17, 1945.

Samuel D. Jackson and Thomas Longfellow, both of Fort Wayne, Ind., for appellant.

Samuel O. Clark, Jr., Sewall Key, A. F. Prescott, and T. Carroll Sizer, Assts. Atty. Gen., and Alexander M. Campbell, U. S. Atty., of Fort Wayne, Ind., and James E. Keating, Asst. U. S. Atty., of South Bend, Ind., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal presents the question whether items of $5,000 were properly included in the gross income of the taxpayer for the years 1936 and 1937. The items in question were never in its possession or control but were paid directly by the tenant of its theatre to its principal stockholder under the provisions of an agreement whereby that stockholder assigned all her interest in a lease on the theatre. In its returns for each year the amounts were scheduled as compensation of an officer for "lease commission," and a deduction claimed. The Commissioner denied the deductions and, when it was subsequently shown that the money had not actually been received by the taxpayer for the rent of its building, nevertheless held that these moneys constituted rentals for the building and had been properly included in the gross income and accordingly made a deficiency assessment. The taxpayer paid this deficiency and now sues to recover it.

The controversy arises over the interpretation of a series of transactions involving a lease, an assignment of that lease, and a supplemental agreement accompanying the assignment.

A stipulation of facts was filed to which were attached numerous exhibits, and in addition, oral evidence was introduced by the taxpayer. The District Court rendered findings of fact substantially as follows: The taxpayer is a corporation having as its sole asset a theatre building located in Fort Wayne, Indiana, and its furniture and equipment. As of January 1, 1936, the taxpayer and Mrs. Stouder, the owner of 51% of its stock, entered into a leasehold agreement covering the use of the theatre for a period of ten years. This lease provided that Mrs. Stouder should pay $4,000 a year in reduction of the mortgage indebtedness on the building, and all taxes, interest, insurance, and maintenance charges. Simultaneously with the execution of this

lease, an assignment of it was executed whereby Mrs. Stouder transferred it to the Harrison Theatre & Realty Company, a corporation, 85% of whose stock was owned by Mrs. Quimby, who was also the owner of 49% of the stock of the taxpayer. By the terms of the assignment, the Harrison Company assumed all the obligations of the lease and guaranteed to relieve Mrs. Stouder of all obligations thereunder. At the same time, a supplemental agreement was entered into between Mrs. Stouder and the Harrison Company under the terms of which the latter agreed to pay Mrs. Stouder $5,000 a year for the ten-year term of the lease.

The annual payments on account of fixed charges and maintenance costs amounted to $12,274 during 1936, and $12,877 during 1937. In addition, the Harrison Company paid $5,000 in each of those years to Mrs. Stouder. All these disbursements were made directly to the various recipients. The court further found that during the year 1936, the theatre had a rental value of at least $17,274, and for 1937, $17,877, and that it was not the intention of the parties to any of the agreements that Mrs. Stouder should operate the theatre herself or that her participation as a party to the entire transaction would be anything but nominal, and that her participation as a party to the transaction had no business or corporate purpose from the standpoint of the taxpayer.

The taxpayer reported gross income of $17,274 for the year 1936, and $17,877 for the year 1937, which sums included the $5000 items for each year. It claimed a deduction of $5,000 for each of the years on account of "lease commission."

On the basis of these facts, the court concluded that the $5,000 items were properly included in the taxpayer's gross income for each of the years in question, and that it was not entitled to recover the taxes alleged to have been erroneously assessed.

The taxpayer contends that the findings of the court were not sustained by the evidence and were contrary to it. It had introduced evidence, not referred to in the findings, as to conditions in the moving picture business in Fort Wayne, and the relationship between the Stouder and Quimby interests extending back over a period of years, apparently in order to explain why the minority stockholder was willing to allow the majority stockholder, in effect, to have anything that could be

made from the operation of the taxpayer's building, without accountability to the taxpayer, hence why such profits should not be included in its income. The taxpayer also sought to show that the transactions of the lease and the assignment were not in fact simultaneous even though they did bear the same date—that the terms of the lease were agreed upon some months before they were actually reduced to writing at the same time as the assignment. One of the witnesses relied upon was counsel for Mrs. Stouder, who was also a director of the taxpayer. However, during the course of his testimony he stated, in effect, that she did not wish to be committed to a lease until she was sure of a tenant. The lease itself, a copy of which was attached to the complaint, recites that the lessee may assign it to the Harrison Company. The lease also provided that upon such assignment, which must be accepted in writing by the Harrison Company, that company should be bound to all the payments and the assumption of all liabilities as fully as if it were the original lessee.

We note also that the lease provides that, "In order to determine the annual rent that is paid by the Theatre Company under this lease or the assignment as a basis for any computation in the making of any adjustment between the Theatre Company and the parties to the within lease, the annual rent for the year in which said computation becomes necessary or desirable shall be considered as the total amount paid by the second party or her assigns under the within lease in the previous year plus $5000.00, with the understanding that for the purpose of computation only the annual rent for the first year shall be considered as $17,000.00 * * * but not as the amount to be actually paid under the terms of this lease, but the within provision shall not alter the actual rent fixed herein and is only for purpose of computation as above stated."

We think it clear from a consideration of all the evidence in this case that the court was amply justified in its finding that the rental value of the theatre was at least $17,000 a year.[1] We agree with appellee that the situation is analogous to that where a corporation sells one of its assets to a stockholder for less than its market value, in which case it has been held that the difference between the sale price of the asset and its market value must be included in the gross income of the corporation. See Eastern Carbon Co. v. Brast, 4 Cir., 104 F.2d 460.

We are also convinced that the evidence of the witnesses, considered in the light of the provisions of the three written agreements, amply sustains the finding of the court that the instruments were simultaneously executed and that Mrs. Stouder's participation was nominal and had no business or corporate purpose from the standpoint of the taxpayer. That being the case, we think the rule of Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 268, 79 L.Ed. 596, 97 A.L.R. 1355, is applicable. There the Court held that a series of conveyances purporting to effectuate a reorganization and designed to permit sale of a block of securities without the incidence of the tax due upon payment to the sole stockholder of the profits in the form of a dividend was ineffectual for the purpose. "The whole undertaking, though conducted according to the terms of subdivision (B), was in fact an elaborate and devious form of conveyance masquerading as a corporate reorganization, and nothing else. The rule which excludes from consideration the motive of tax avoidance is not pertinent to the situation, because the transaction upon its face lies outside the plain intent of the statute. To hold otherwise would be to exalt artifice above reality and to deprive the statutory provision in question of all serious purpose." See also Comm. v. Court Holding Co., 65 S.Ct. 707. So here, we think the three-cornered transaction designed to split up payments by the actual tenant for the use of the theatre into various items payable directly for maintenance costs, fixed charges, "bonus" or "lease commission" was ineffectual to cover up the fact that one transaction was contemplated and consummated, a lease to the Harrison Company for a rental of approximately $17,000 a year, and that all payments provided for in the lease and supplemental agreement constituted gross income to the taxpayer.

Judgment affirmed.

---

[1] The stipulation of facts showed that when the lease here involved was executed early in 1936, there was still in existence a fifteen year lease executed in 1930, providing for a rental of $35,000 a year from the lessee, the Harrison Company. This lease was simultaneously assigned to a second corporation which became insolvent and defaulted in 1933, leaving the Harrison Company liable for the rents reserved until cancellation of this 1930 lease in September, 1936.