## LIMERICKS, Inc., et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12025.

Circuit Court of Appeals, Fifth Circuit.

Jan. 23, 1948.

Howell Ward, of Corpus Christi, Tex., for petitioners.

Austin Hoyt, Sewall Key, Helen R. Carloss and Maryhelen Wigle, Sp. Assts. to Atty. Gen., Theron L. Caudle, Asst. Atty. Gen., and Charles Oliphant and Bernard D. Daniels, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This petition for review involves a deficiency in federal income and excess profits taxes for the years 1941, 1942, and 1943. The question presented is whether certain amounts paid by the taxpayers' transferor during the period in question to its president and principal stockholder as part of rent for a building used by the corporation constituted in reality a distribution of profits.

Rental payments, to be allowed as deductions from gross income, must be those required to be made as a condition to the continued use of the property. Section 23(a) (1) (A) of the Internal Revenue Code and its concomitant regulations allow, as a deduction from gross income, ordinary and necessary business expenses, including amounts paid as rentals or other payments required to be made as a condition to the continued use or possession of property to which the taxpayer has not taken and is not taking title, or in which he has no equity. The statute contains no express limitation with respect to the reasonableness of the amounts as a condition to deduction, but rentals or other payments for the use of property which are excessive in amount, taking into consideration all the facts of the particular case, do not constitute ordinary and necessary business expenses, or payments required to be made as a condition to the continued use of the property.[1]

The Tax Court was not bound to accept the form of this transaction between a corporation and its principal stockholder at face value, but was required to make a careful scrutiny to determine how much of the amount, if any, was actually dividends distributed in the guise of rent.[2] The statute does not permit the deduction of an amount which is in no sense a legitimate business expense. The substance of the transaction is for the Tax Court to determine upon the appraisal of all the facts, and its decision must be sustained if there is a rational basis for its conclusion.[3]

We think the Tax Court was justified in finding that the premises under consideration here were greatly over-valued as to rental, and the judgment appealed from is affirmed.

[1] Palace Theatre v. United States, 7 Cir., 148 F.2d 30; Greenspun v. Commissioner, 5 Cir., 156 F.2d 917.

[2] Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355; Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406.

[3] Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, rehearing denied, 321 U.S. 231, 64 S.Ct. 495, 88 L.Ed. 691; Commissioner v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981.