LASSER, P.J.T.C.
This case involves the New Jersey gross income tax treatment of taxpayers’ capital gains realized from the sale of their stock in three Subchapter S corporations,[1] specifically whether taxpayers’ cost basis, unreduced by corporate losses, or taxpayers’ federal adjusted basis (cost reduced by S corporation losses) is to be used in the calculation of the gain. The issue arises in this case because the New Jersey Gross Income Tax Act makes no distinction between S corporations and C corporations.
Taxpayers reported net gains of $13,393,902 for 1985. After audit, the Director of the Division of Taxation decreased the reported cost basis of taxpayers’ stock to taxpayers’ federal adjusted basis, which increased taxpayers’ capital gains to $15,133,236, and imposed a deficiency tax assessment on the increased gains. The matter was submitted to the Tax Court on stipulated facts pursuant to R. 8:8 — 1(b) upon the submission of briefs and the presentation of oral argument.
I.
Taxpayers, New Jersey residents, owned stock in four corporations which elected to be treated as S corporations pursuant to § 1361 et seq. of the Internal Revenue Code (“I.R.C.”). The *449 corporations were Heekin Gan, Inc. (“Heekin”), The Permian Corporation (“Permian”), Wesray Resources, Inc. (“Wesray”) and Simplicity Manufacturing, Inc. (“Simplicity”). Taxpayers also made a loan to Permian. The issue in this case arises from the manner in which taxpayers calculated and reported basis in determining gains and losses from the disposition of stock in Heekin, Permian and Wesray, and the loan to Permian.[2] The following are the transactions in issue, as set forth in the stipulation of facts.

Heekin.

In 1982, taxpayers made a capital contribution of $20,000 to Heekin in exchange for Heekin stock. During the time that taxpayers owned Heekin stock, they reported on their federal income tax returns the amounts Heekin listed on schedules K-l as taxpayers’ share of Heekin’s income, losses and deductions. These items and amounts are:
Ordinary Income $621,986
I.R.C. § 1231 losses (4,236)
Charitable contributions (1,389)
I.R.C. § 179 expenses (400)
These items were not required to be reported on taxpayers’ New Jersey gross income tax returns.
Heekin made nonliquidating distributions to taxpayers with respect to their stock totalling $457,012. Taxpayers treated the distributions as tax-free for federal income tax purposes pursuant to I.R.C. § 1368, and reported the distributions as dividend income on their New Jersey gross income tax return.
In 1985, taxpayers sold 71% of their Heekin stock for $1,778,-164. For federal income tax purposes, taxpayers calculated their basis for this sale as follows:
*450 Capital contributions $ 20,000
Heekin losses and deductions passed through to taxpayers (6,025)
Heekin income passed through to taxpayers 621,986
Nonliquidating distributions (457,012)
Basis for 100% of stock owned $ 178,949 x .71
Federal adjusted basis for stock sold $ 127,054
For New Jersey gross income tax purposes, taxpayers calculated their basis for determining gain or loss on this sale at 71% of their $20,000 initial capital contribution, without adjustments for income, losses or deductions passed through for federal income tax purposes and without adjustments for the nonliquidating distributions from Heekin, for a reported basis of $14,-200.

Wesray.

In 1983, taxpayers made a capital contribution of $1,000 to Wesray in exchange for Wesray stock. Taxpayers later made additional capital contributions to Wesray in the amount of $596,286 in exchange for Wesray stock, for a total capital contribution of $597,286.
During the time taxpayers owned their Wesray stock, they reported on their federal income tax returns the amounts Wesray listed on schedules K-l as taxpayers’ share of Wesray’s income, losses and deductions. These items and amounts are:
Ordinary income $ 4,689
Net short-term capital losses (311)
Net long-term capital losses (82,504)
Investment interest expense (68,085)
Dividend income 13,100
*451 These items were not required to be reported on taxpayers’ New Jersey gross income tax returns.
During 1985, Wesray made nonliquidating distributions to taxpayers with respect to their stock totalling $109,487. Taxpayers treated the distributions as tax-free for federal income tax purposes pursuant to I.R.C. § 1368. Taxpayers reported these distributions on-their New Jersey gross income tax returns as additional liquidation proceeds instead of as dividend income because Wesray reported to taxpayers that it had no current or accumulated earnings and profits at the time of distribution.
In 1985, taxpayers received a liquidating distribution of assets and cash having a fair market value of $203,613 in exchange for all of their Wesray stock, and reported that amount on their federal income tax return in computing their capital gain. For New Jersey gross income tax purposes, taxpayers combined the initial $109,487 distribution with the $203,613 distribution and reported this $313,100 as liquidation proceeds in computing their capital gain.
For determining gain or loss on their disposition of Wesray stock for federal income tax purposes, taxpayers calculated their basis as follows:
Aggregate capital contributions $ 597,286
Wesray losses and deductions passed through to taxpayers (150,900)
Wesray income passed through to taxpayers 17,789
Nonliquidating distributions (109,487)
Federal adjusted basis $ 354,688
For New Jersey gross income tax purposes, taxpayers calculated their basis for determining gain or loss on their disposition of Wesray stock as being equal to $597,286, their aggregate capital contributions, without adjustments for income, losses or deductions passed through for federal income tax *452 purposes and without adjustments for nonliquidating distributions received from Wesray.

Permian.

In 1983, taxpayers made a capital contribution of $250,500 to Permian in exchange for Permian stock. Taxpayers made additional contributions to capital in 1984 in the amount of $571,521, for a total capital contribution of $822,021.
In October 1984, taxpayers loaned Permian $1,200,000. Permian repaid $17,720 of that loan in 1984 and $10,074 in 1985, for a total loan repayment of $27,794. In 1985, taxpayers sold the note from Permian for $1,172,206, the then outstanding balance of the $1,200,000 loan. Taxpayers reported the proceeds from the sale of the note on their federal and New Jersey income tax returns as being a loan repayment in the amount of $1,200,000.
During the time taxpayers owned Permian stock, they reported on their federal income tax returns the amounts which Permian listed on schedules K-l as taxpayers’ share of Permian’s losses and deductions. These items and amounts are:
Ordinary losses ($1,631,225)
I.R.C. § 1231 losses (37,759)
Charitable contributions (3,543)
I.R.C. § 1367 adjustments (36,476)
These items were not required to be reported by taxpayers on their New Jersey gross income tax returns. These losses and deductions, which were passed through to taxpayers, exceeded their $822,021 federal basis in their Permian stock by $886,982 and reduced their federal basis in the $1,200,000 loan by a like amount, pursuant to I.R.C. § 1367(b).
In 1984, Permian made a nonliquidating distribution to taxpayers with respect to their stock in the amount of $266,371. Taxpayers reported this distribution on their federal income tax return as gain from the sale or exchange of property pursuant to I.R.C. § 1368, on the ground that losses passed through to *453 taxpayers by Permian in 1984 had reduced taxpayers’ basis in the stock to zero.
On their 1984 New Jersey gross income tax return, taxpayers reported the $266,371 distribution as a capital gain rather than as dividend income because Permian reported to taxpayers that it had no current or accumulated earnings and profits at the time of the distribution.
Taxpayers sold all of their Permian stock in 1985 for $7,438,-041. At the time of the sale, taxpayers also received a distribution from Permian in the amount of $1,476,435. Taxpayers treated the aggregate amount, $8,914,476, as the proceeds from their disposition of Permian stock for federal and New Jersey income tax purposes.
Taxpayers calculated their basis for determining gain or loss on their disposition of Permian stock for federal income tax purposes as follows:
Aggregate capital contributions $ 822,021 Permian losses and deductions
passed through to taxpayers (822,021) (limited to basis in stock)
Permian income passed through to taxpayers -0-
Federal adjusted basis -0-
For New Jersey gross income tax purposes, taxpayers calculated their basis for determining gain or loss on their disposition of Permian stock as being equal to taxpayers’ aggregate capital contributions of $822,021, without adjustments for losses or deductions passed through to taxpayers for federal income tax purposes and without adjustments for actual distributions received from Permian.
On the sale of the note with respect to taxpayers’ $1,200,000 loan to Permian, taxpayers calculated their basis for determin *454 ing gain or loss for federal income tax purposes as follows:[3]
Amount of loan $ 1,200,000
Loan repayment prior to August 15, 1985 (10,074)
Permian losses and deductions passed through to taxpayers in excess of taxpayers’ basis in the Permian stock (886,982)
Federal adjusted basis $ 302,944
For New Jersey gross income tax purposes, taxpayers calculated their basis for determining gain or loss on the sale of the note with respect to the $1,200,000 loan to Permian as being equal to the amount of the loan, not reduced by Permian losses and deductions passed through to taxpayers for federal income tax purposes. Taxpayers also failed to reduce the basis by the repayments of loan principal in the amount of $27,794 prior to sale of the note, however, this error was offset by taxpayers’ over-reporting the amount of sale proceeds by a like amount.
To summarize, taxpayers’ basis in the S corporations as reported on their 1985 federal income tax return and their 1985 New Jersey gross income tax return differed in the following respects:
Federal return basis as reported New Jersey return basis as reported
Heekin Stock Wesray Stock Permian Stock Permian Loan Repayment $127,054 354,688 —0— 302,944 $ 14,200 597,286 822,021 1,200,000
Taxpayers calculated their New Jersey gross income using their cost basis unreduced by losses sustained by the S corpora *455 tions, whereas the Director calculated taxpayers’ gross income using adjusted basis reported on their 1985 federal income tax returns.[4]
II.
Taxpayers contend that the Director’s action requiring shareholders who sell S corporation stock to use federal adjusted basis in calculating gain for New Jersey gross income tax purposes violates equal protection and due process constitutional requirements because such action produces an arbitrary result without a legitimate governmental purpose and constitutes discriminatory treatment among similarly-situated taxpayers. In the alternative, taxpayers contend that it was not the intent of the Legislature under the Gross Income Tax Act to impose tax on return of capital or to produce the illogical result that occurs when federal basis is used to calculate net gain or loss on the sale by a shareholder of stock in an S corporation that has suffered losses.
III.
Taxpayers argue that the Director’s use of federal basis for computing their gross income on the sale or other disposition of their stock in S corporations produces inequitable results because: (1) the Director’s computation ignores economic reality and legislative intent by imposing a tax on taxpayers’ return of capital, and (2) since New Jersey does not recognize S corporations, computation of gross income should reflect the federal tax benefit rule.
*456 The Director maintains that the computation is correct because N.J.S.A. 54A:5-lc specifies that federal basis shall be used to determine gain or loss from the sale, exchange or other disposition of property.
The only issue involved is taxpayers’ proper cost basis for their S corporation stock and, more specifically, whether losses recognized for federal income tax purposes which reduce taxpayers’ federal adjusted cost basis but which are not recognized for New Jersey gross income tax purposes should decrease the taxpayers’ cost basis for New Jersey gross income tax calculation of net gains on the sale of S corporation stock.
For federal income tax purposes, losses of a C corporation are deductible by the corporation but not by its shareholders. Losses of an S corporation are reported but not deducted by the corporation because the corporation only files an information tax return. S corporation losses are passed through to the shareholders who may deduct them on their personal income tax returns. I.R.C. § 1366. The pass through of losses to the shareholder of an S corporation reduces the shareholder’s basis in the stock. I.R.C. § 1367. When the stock is sold, the shareholder is taxed on the difference between the sale price and the reduced basis because the shareholder has received the tax benefit of the.passed-through loss.
N.J.A.C. 18:7-11.16(a) provides that an S corporation must file its corporation business tax return as though it had not elected S corporation treatment for federal tax purposes. Since New Jersey makes no distinction between C and S corporations, losses of both C and S corporations are deductible by the corporation on the corporation business tax return, and shareholders of C and S corporations may not deduct corporate losses on their New Jersey gross income tax returns.[5] Al *457 though no pass through of losses is permitted for New Jersey gross income tax purposes, the Director has taken the position that an S corporation shareholder’s cost basis for the calculation of net gain or loss on the sale of S corporation stock must nevertheless be reduced by the S corporation losses, as is his federal cost basis, although the shareholder of a C corporation does not have his cost basis reduced by C corporation losses.
For federal income tax purposes, undistributed income, earnings and profits of C corporations do not constitute a shareholder’s taxable income and do not affect a shareholder’s cost basis, but undistributed income, earnings and profits of S corporations are passed through to the shareholder, constitute taxable income to the shareholder and increase the shareholder’s basis. I.R.C. §§ 1366, 1367.
For New Jersey gross income tax purposes, undistributed income, earnings and profits of both C corporations and S corporations do not constitute taxable income to the shareholder.[6] However, on the sale of stock, the cost basis of the C corporation shareholder remains unchanged while the cost basis of the S corporation shareholder is increased by the amount of undistributed income, earnings and profits.
Following is an example of the disparate tax treatment of three hypothetical taxpayers under N.J.S.A. 54A:5-1c.
In year one, New Jersey taxpayers A and B each buy stock in an S corporation. A buys stock in X corporation, and B in Y corporation. Each pays $100 for the stock. This amount represents their actual cost and their cost basis in their stock. In year two, X corporation sustains a loss and a $100 loss is passed through to A as A’s prorata share of the corporate loss, reducing A’s federal basis to zero. In the same year, Y corporation makes a profit and $200 is passed through to B as B’s prorata share of the corporate income, increasing B’s basis *458 to $300. No distributions are made by either corporation. In year three, A and B sell their stock. A sells his stock for $75. For New Jersey gross income tax purposes, he realizes a gain of $75, that is, sale proceeds of $75 minus adjusted federal basis of zero. B sells his stock for $250 and sustains a loss of $50 under the New Jersey Gross Income Tax Act (sale proceeds of $250 minus adjusted federal basis of $300).
The economic reality is that A sustained a loss on the entire transaction of $25 (sale proceeds of $75 minus cost basis of $100), and B realized a gain of $150 on the entire transaction (sale proceeds of $250 minus cost basis of $100), but under the statute A is taxed on what is actually return of capital and B is allowed to deduct a $50 loss on what is actually an economic gain. The following chart illustrates the above example:
[[Image here]]
In contrast to A and B, New Jersey taxpayer D buys $100 worth of stock in Z corporation, a C corporation. The corporation realizes a profit of $200 but makes no distributions. Taxpayer D receives no dividends or return of capital and eventually sells the stock for $200. For New Jersey gross income tax purposes, D realizes a gain of $100 (sale proceeds of $200 minus adjusted federal basis of $100, which is actually cost basis since no prior adjustments were made). The economic reality is that D reports the correct amount of gain.
IV.
The method for determining gross income for New Jersey taxpayers, including shareholders of all corporations, is set *459 forth in N.J.S.A. 54A:5-1, which provides in part that New Jersey gross income shall include the following categories of income:
c. Net gains or income from disposition of property. Net gains or net income, less net losses, derived from the sale, exchange or other disposition of property, including real or personal, whether tangible or intangible as determined in accordance with the method of accounting allowed for federal income tax purposes. For the purpose of determining gain or loss, the basis of property shall be the adjusted basis used for federal income tax purposes.
... The term “net gains or net income” shall not include gains or income from transactions to the extent to which nonrecognition is allowed for federal income tax purposes.
This statute makes reference to three federal income tax concepts to be used in the calculation of net gain: (1) the method of accounting allowed for federal income tax purposes, (2) the federal adjusted basis, and (3) gains excluded to the extent nonrecognition is allowed for federal income tax purposes. Because of the differing federal and New Jersey treatments of S corporations, these concepts appear to be inconsistent when applied to shareholders of S corporations.
A well-established rule of statutory construction is that a statute
should not be read in isolation or in a way which sacrifices what appears to be the scheme of the statute as a whole. Eather, a statute is to be interpreted in an integrated way without undue emphasis on any particular word or phrase and, if possible, in a manner which harmonizes all of its parts so as to do justice to its overall meaning. [Zimmerman v. Mun. Clerk of Tp. of Berkeley, 201 N.J.Super. 363, 368, 493 A.2d 62 (App.Div.1985), citing Alexander v. New Jersey Power & Light Co., 21 N.J. 373, 122 A.2d 339 (1956)]
In determining the intent of the Legislature, we must first look to the nature of the tax. The gross income tax appears at first glance to be a tax on gross income, but actually it is a tax on gross income in certain instances and on net income in other instances. Of the 14 categories of income recognized in the act, certain categories are truly taxed on a gross basis, without regard to associated costs and expenses, for example, salaries, interest and dividends. Smith v. Taxation Div. Director, 108 N.J. 19, 24-25, 527 A.2d 843 (1987). Other categories, however, *460 are taxed by a net method, taking into account associated costs and expenses. These include net proceeds from business, net gains or net income from rents, royalties, patents and copyrights. Id. at 25, 527 A.2d 843. Income that is taxed by the net method also encompasses net gains from the disposition of property. N.J.S.A. 54A:5-1b, c, d.
With respect to the categories which are taxed by a net rather than a gross method, the statute expresses an intent to tax only those transactions from which an individual derives an economic gain. If that were not the intent, the statute would impose the tax on the total proceeds received from the disposition of property rather than the “net gains or net income, less net losses derived from the sale.” N.J.S.A. 54A:5-1c. Thus, it is clear that with respect to gains on the disposition of property, the tax is a tax on net income, and return of capital is not income. The word “income” embodies the concept of accession to wealth. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431, 75 S.Ct. 473, 99 L.Ed. 483, reh’g den. 349 U.S. 925, 75 S.Ct. 657, 99 L.Ed. 1256 (1955). Return of capital is not accession to wealth.
In directing that the taxpayer must use a particular method to calculate the tax on the gain on disposition of property, N.J.S.A. 54A:5-lc combines in the same paragraph the concept of net gains on the disposition of property and the requirement that the gain or loss must be determined by using the adjusted basis for federal income tax purposes. The net gains concept is an expression of the difference between the cost of the property and the amount realized from the sale, which is the accession to wealth.
For shareholders of C corporations there is no inconsistency in the statute, and the net gain can be determined from the adjusted basis for federal income tax purposes because the basis is not reduced by corporate losses. However, for a shareholder of an S corporation that has sustained losses, the net gain based on the difference between the shareholder’s actual cost and the amount realized cannot be derived using the *461 adjusted federal tax basis because the federal tax basis is not actual cost but actual cost reduced by corporate losses. These losses are not recognized as deductions from the shareholder’s New Jersey gross income. If the Director were to prevail in his contention, S corporation losses would reduce the shareholder’s basis by the amount of the corporation loss and increase his taxable gain, even though the shareholder received no benefit from the loss. As taxpayers point out, the result is a tax on the return of capital; a result that could not have been intended by the New Jersey Legislature.
The statute also provides that net gains or net income less net losses be determined “in accordance with the method of accounting allowed for federal tax purposes.” This term was discussed in Baldwin v. Taxation Div. Director, 10 N.J.Tax 273 (Tax Ct.1988), in which the court stated:
This phrase as used in N.J.S.A. 54A:5-le. is not limited to the recognized overall methods of accounting, such as the cash method or accrual method, but rather was intended to include any method or system as used for federal tax purposes “by which taxpayers determine the amount of their income, gains, losses, deductions and credits, as well as the time when such items must be realized and recognized.” [footnote omitted] See 10 Federal Tax Coordinator 2d (December 1987 ed. Research Institute of America), H G-2001 at 24, 103-24,-104. [at 284]
Using the method of accounting allowed for federal income tax purposes to determine gain or loss for New Jersey gross income tax purposes requires subtraction of the cost basis from the sale price. New Jersey treats S corporations as if they are C corporations and allows no pass through of losses for New Jersey gross income tax purposes. Under the federal method of accounting, losses not passed through would not reduce the shareholders’ basis, and gain would be determined by computing the difference between the shareholders’ cost basis (unreduced by corporate losses) and the proceeds received from the disposition of stock. Use of the method of accounting allowed for federal income tax purposes as directed by N.J.S.A. 54A:5-1 would result in treatment of gains on the disposition of property by S corporation shareholders in the same manner as gains of C corporation shareholders, that is, the manner used by taxpayers in this case.
*462 The statute also provides that: “The term ‘net gains or net income’ shall not include gains or income from transactions to the extent to which nonrecognition is allowed for federal income tax purposes.” N.J.S.A. 54A:5-1c. For federal income tax purposes, there is nonrecognition of payments which constitute a return of capital. Commissioner of Internal Revenue v. Meyer, 139 F.2d 256, 258-259 (6 Cir.1943). See also Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248 (1943), reh’g den, 321 U.S. 231, 64 S.Ct. 495, 88 L.Ed. 691 (1944). In the subject case, a portion of the difference between federal adjusted basis and the sale price represents return of capital. To the extent that return of capital is not recognized as income for federal income tax purposes, this portion of the difference between federal adjusted basis and the sale price should not be recognized as income for New Jersey gross income tax purposes.
If literally applied, federal adjusted basis would have an anomalous result as is indicated by the example. Either some income would escape tax or some non-income would be taxed, a result not intended by the Legislature. I therefore conclude that while federal adjusted basis is to be used to calculate net gains and losses under the New Jersey gross income tax, to the extent that federal adjusted basis is decreased by passed-through losses or increased by passed-through undistributed income, earnings and profits of S corporations that are not deductible or taxable under the New Jersey gross income tax, such decrease or increase must be excluded from federal adjusted basis.
In so concluding, I have taken into consideration that the gross income tax is intended to tax net gains and losses, that the federal method of accounting must be used and that there is nonrecognition of gains not recognized for federal income tax purposes. To carry out the intent of the Legislature that tax be imposed on income, not return of capital, and to give effect to the federal method of accounting and the nonrecognition of gains concepts, the decrease from or increase to federal adjusted basis by reason of S corporation losses or undistributed *463 income, earnings and profits, must be excluded in order to adjust for the difference in federal and New Jersey treatment of such losses and undistributed income.
The Director argues that the federal adjusted basis must be used for administrative convenience because the calculation of gain for New Jersey income tax purposes can easily be determined by referring to the federal income tax return. In weighing this administrative convenience against the resulting imposition of income tax on the return of capital, a result obviously not intended by the Legislature, the former must yield to the latter with respect to the shareholder’s disposition of stock of S corporations which have sustained losses. Further, the cost basis concept is not so sophisticated a concept that it cannot be determined by the taxpayer or audited by the Director using federal adjusted basis but excluding those decreases or increases due to S corporation losses or undistributed income.
V.
Having determined that legislative intent requires the exclusion of increases and decreases in federal adjusted basis due to losses and undistributed income of S corporations, it is not necessary to address the constitutional question. Constitutional questions should be considered and decided only when necessary. If a constitutional question can be avoided by the interpretation of a statute, the constitutional question need not be addressed. Donadio v. Cunningham, 58 N.J. 309, 325-326, 277 A.2d 375 (1971); American Bank & Trust Co. of Pennsylvania v. Lott, 193 N.J.Super. 516, 521, 475 A.2d 73 (App.Div.1984), mod. 99 N.J. 32, 490 A.2d 308 (1985). If a statute is reasonably susceptible to two possible interpretations, one of which would lead to the statute being held constitutional and the other to a contrary conclusion, the construction which would uphold the statute should be adopted. Adams Newark Theater Co. v. Newark, 22 N.J. 472, 478, 126 A.2d 340, aff’d 354 U.S. 931, 77 S.Ct. 1395, 1 L.Ed.2d 1533 (1956). In N.J. Bd. of Higher Ed. v. Shelton College, 90 N.J. 470, 448 A.2d 988 (1982), the Court stated: “Under New Jersey law, a challenged statute *464 will be construed to avoid constitutional defects if the statute is ‘reasonably susceptible’ of such construction.” Id. at 478, 448 A.2d 988.
Taxpayers also seek to apply to this case the federal tax benefit rule, now codified in I.R.C. § 111, which provides that a taxpayer will not be required to include as income an amount that was deducted by the taxpayer in a prior tax year and for which deduction the taxpayer received no benefit in the prior year. Taxpayers argue that this concept should be applied to avoid the use of federal adjusted basis where the taxpayer received no benefit from the loss which reduced the adjusted basis on his New Jersey gross income tax return. In view of my previous conclusion, I find it unnecessary to deal with the applicability of the federal tax benefit rule.
I conclude that for New Jersey gross income tax purposes, the taxpayers in this case properly reported net gains on the sale of their stock in S corporations by using federal adjusted basis undiminished by passed-through losses not permitted as New Jersey gross income tax deductions or increased by undistributed income not subject to tax by New Jersey. The Clerk of the Tax Court is directed to enter judgment setting aside the deficiency tax assessment of the Director.

For the purpose of this opinion, corporations that are taxed on their income, earnings and profits and are permitted to deduct losses, and whose shareholders are taxed on dividends to the extent that they represent the distribution of earnings and profits under Subchapter C (§ 301 et seq. of the Internal Revenue Code), are referred to as C corporations, and corporations which have elected to be taxed under Subchapter S (§ 1361 et seq. of the Internal Revenue Code), which permits pass through of undistributed income, earnings, profits and losses to the shareholders without federal taxation at the corporate level, are referred to as S corporations. Other entities which are permitted to pass through undistributed income or losses under certain circumstances are partnerships (Subchapter K, § 701 et seq.), trusts (Subchapter J, § 641 et seq.), foreign personal holding companies (Subchapter G, § 531 et seq.), mutual funds (Subchapter M, § 851 et seq.), real estate investment trusts (Subchapter M, § 856) and controlled foreign corporations (Subchapter N, §§ 951-964).

Although the complaint includes reference to the sale of stock in Simplicity Manufacturing, Inc., the sale was to an Employee Stock Ownership Plan (ESOP), and the gain was not recognized for federal or New Jersey tax purposes pursuant to I.R.C. § 1042. Therefore, it does not appear that the basis of the Simplicity stock is in issue in this case.

Taxpayers state that this calculation contains two errors. First, the amount realized on the sale of the note was $1,172,206, whereas the amount reported was the full $1,200,000 loan, and, second, the basis was erroneously computed in that it was not reduced by the 1984 repayment of $17,720 of this loan.

The difference between the federal adjusted basis and the basis reported by taxpayers for New Jersey gross income tax purposes is $1,848,821. The Director increased the net gain for New Jersey purposes by $1,739,334, which is $109,487 less, because the basis of Wesray stock for New Jersey purposes was $109,487 higher than for federal purposes. See pages 450 and 451, supra, for explanation of $109,487 difference.

Although there appears to be no reference in the statute or regulations with respect to deduction of losses by shareholders of S corporations, the following statement with respect to use of losses as an offset is contained in State Tax News, May/June 1978. "Undistributed income in a Subchapter S corporation is not included in the law as one of the categories of gross income. Therefore, *457 the loss from a Subchapter S corporation cannot be offset against the salaries received by the shareholders of the corporation.”

See Form NJ-1040, Instr., Line 15 — Dividends.