## B. ESTES VAUGHAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 19601, 34193.   Promulgated February 26, 1929.

*Robert A. Littleton, Esq.*, for the petitioner.
*R. H. Ritterbush, Esq.*, for the respondent.

598

OPINION.

Phillips: The petitioner claims that he sustained a deductible loss of $63,336 in 1923 when he contributed to the First National Bank

of Lexington, Va., securities having a value of $63,336, and that there also resulted a net loss in that year which he may carry forward to the following year. Section 206(a), Revenue Act of 1924.

It is sufficient to dispose of the first contention to point out that if any deductible loss were sustained, it would be measured by the cost to petitioner of the securities transferred to the bank and not by their value when transferred and that neither the stipulation nor the pleadings show this cost. So far as the second contention is concerned, there is no basis on which the net loss could be computed. The petitioner reported a net loss of $42,356.95 on his return for 1923. But the computation of income or loss on the return is based on income and deductions which do not enter into the computation of net losses as defined in section 206. *H. J. Schlesinger*, 5 B. T. A. 943. The income or loss is computed on the return for 1923 under sections 212, 213, and 214 of the Revenue Act of 1921. The net loss for 1924 is not computed under those sections but under section 206 of the Revenue Act of 1924. The two are radically different.

The statute requires the Board to determine the amount of the deficiency. It has consistently refused to pass upon questions of law where the facts are insufficient to permit it to dispose of the issues raised. If the Board were to decide in this case that a deductible loss was sustained by reason of the contribution to the bank and that this loss might serve as one of the elements in computing a net loss, we should still be without evidence on which to base findings of fact as to the amount thereof. The situation presented is not one of those contemplated by Rule 50 for the recomputation of the deficiency; it is a vital defect, since the amount of the loss and of the net loss, if any, must be proven before we can determine the issues which are framed by the pleadings.

*Decision will be entered for the respondent.*