T.C. Memo. 1998-287

UNITED STATES TAX COURT

ASSOCIATED DENTISTS OF RIVER FALLS, f.k.a.
RIVER FALLS DENTAL ASSOCIATES, LTD., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17503-97.              Filed August 5, 1998.

<u>Jay B. Kelly</u>, for petitioner.

<u>Blaine C. Holiday</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine respondent's determination of deficiencies of $12,630 and $11,606 in its 1993 and 1994 Federal income taxes, respectively.  We must decide whether petitioner may deduct the rent that it paid to a shareholder in 1993 and 1994.  We hold it may.  We must also

decide whether petitioner may deduct the net operating loss (NOL) claimed on its 1993 tax return. We hold it may not. Section references are to the Internal Revenue Code in effect for the subject years. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

## FINDINGS OF FACT

Some facts have been stipulated. The stipulations of fact and the exhibits submitted therewith are incorporated herein by this reference. Petitioner is a personal service corporation that provides dental services. Its principal place of business at the time of the petition was in River Falls, Wisconsin.

Petitioner's stock is owned equally by two of its full-time employees, Stephen Schwalbach (Dr. Schwalbach) and Timothy Knotek (Dr. Knotek). Dr. Schwalbach is a dentist who has practiced dentistry through petitioner since he graduated from dental school in 1972. He and a classmate formed petitioner upon graduation, and, following the classmate's departure from the business, Dr. Schwalbach remains the only dentist to be continually associated with petitioner since its formation. Dr. Knotek is a dentist who has practiced dentistry through petitioner since he graduated from dental school in 1988.

Petitioner's operations are based in River Falls in a two-floor, 4,800-square-foot building (the River Falls building)

that is owned by Dr. Schwalbach and his wife (collectively, the Schwalbachs).  The building's lower level has a suite of rooms that has been let since 1974 to an orthodontist named David Nelson (Dr. Nelson).  These rooms, totaling 1,200 square feet, include a laboratory, a patient treatment room, and a doctor's office.  The lower level has other rooms that have been let to petitioner since at least 1974.  These rooms, totaling 1,200 square feet, include an x-ray room, an analysis room, and a doctor's office.  Petitioner has let the building's upper level and the building's parking lot since at least 1974.  Rooms on the upper level, which measures 2,400 square feet, include seven patient treatment rooms, a laboratory, and an x-ray room.  The parking lot holds approximately 25 to 30 cars and is accessible to the upper level by way of a handicap ramp.

In 1991, when Dr. Schwalbach was petitioner's sole owner and Dr. Knotek was an associate, they discussed the possibility of owning petitioner's business jointly.  During their discussions, which focused primarily on the value of a 50-percent interest in petitioner's business and the amount of rent that petitioner would have to pay the Schwalbachs for use of the River Falls building, Dr. Schwalbach and Dr. Knotek sought advice from a list of people that included an attorney, an accountant, a specialist on business valuation, and other dentists who had established relationships similar to the relationship sought by Dr.

Schwalbach and Dr. Knotek.  Dr. Schwalbach and Dr. Knotek also referenced a professional publication of the American Dental Association, looking specifically at a rent factor guideline stated therein.  Dr. Schwalbach and Dr. Knotek's discussions ended on or near January 1, 1992, when Dr. Knotek purchased from Dr. Schwalbach 50-percent interests in petitioner and its office equipment.

Contemporaneously therewith, on January 1, 1992, Dr. Schwalbach and Dr. Knotek, in their capacities as officers of petitioner, signed a lease with the Schwalbachs under which the Schwalbachs relet to petitioner the building's parking lot and the 3,600-square-foot area that it already occupied for a 5-year term ending on December 31, 1996.  Petitioner agreed to pay the Schwalbachs $4,500 per month, plus pay all utilities that it used, all insurance on the building, and all real estate and personal property taxes that were related to the building. Real estate taxes paid in 1992 through 1994 totaled $8,777, $9,113, and $8,153, respectively.

In 1993, Dr. Schwalbach relet to Dr. Nelson the 1,200-square-foot space that he already occupied for a 5-year term ending May 31, 1998, at a rate of $8,400 per year (i.e., $7 per square foot).  Dr. Nelson practiced full time in Hastings, Minnesota, and he used the leased space 1 day a week; petitioner had the right to use the space when Dr. Nelson did not. Dr.

Nelson and Dr. Schwalbach negotiated the stated rent, but Dr. Schwalbach's main intent during the negotiations was to secure Dr. Nelson's presence in the building 1 day a week in order to further petitioner's business. But for Dr. Nelson, the River Falls area did not have an orthodontist before 1994.

The Schwalbachs own a commercial building (the Hudson building) in Hudson, Wisconsin, a city that is close to River Falls. The Hudson building is similar to the River Falls building in terms of quality and available space, but the Hudson building is dissimilar to the River Falls building in that the former is unimproved space whereas the latter is tailored to the needs of a dental practice. During the subject years, Dr. Schwalbach let 530 square feet in the Hudson building for $7,500 per year (i.e., $14.74 per square foot), and he let another 468-square-foot space in the Hudson building for $6,900 per year (i.e., $14.15 per square foot).

In connection with its lease of the River Falls building, petitioner claimed deductions on its 1993 and 1994 tax returns for the following amounts of rent and real estate taxes:

|                   | 1993    | 1994    |
|-------------------|---------|---------|
| Rent              | $54,000 | $54,000 |
| Real estate taxes | 9,113   | 8,128   |
| Total             | 63,113  | 62,128  |

Of these amounts, respondent disallowed the following:

|                   | 1993    | 1994    |
|-------------------|---------|---------|
| Rent              | $28,800 | $28,800 |
| Real estate taxes | 9,112   | 8,040   |

Total                           37,912     36,840

Petitioner also claimed a $2,184 NOL deduction on its 1993 tax return.  The return stated that petitioner had sustained a $13,647 NOL in 1992, that it carried back $11,463 of this loss to 1989, and that it was carrying forward the rest to 1993. Respondent disallowed this deduction because, respondent determined, petitioner had not proven its right to it.

OPINION

We must first decide whether the rent (inclusive of the real estate taxes) that petitioner paid the Schwalbachs for the River Falls building equaled the fair rental value of the premises.[1] Respondent determined it did not.  Respondent argues that the fair rental value of the leased premises is $7 a square foot, as evidenced by the rental rate that the Schwalbachs charged Dr. Nelson for a portion of the same building.  Petitioner argues that the rent charged Dr. Nelson is not representative of fair rental value and that it may deduct all the rent it paid the Schwalbachs.

We agree with petitioner.  Generally, a taxpayer may deduct reasonable rent paid for property used in a trade or business. Sec. 162(a)(3); Milbrew, Inc. v. Commissioner, 710 F.2d 1302, 1308 (7th Cir. 1983), affg. T.C. Memo. 1981-610; Limericks, Inc.

_____

[1] The parties have treated the real estate taxes paid by petitioner as additional rent.  We do likewise.

v. Commissioner, 165 F.2d 483, 484 (5th Cir. 1948), affg. 7 T.C. 1129 (1946); Levenson & Klein, Inc. v. Commissioner, 67 T.C. 694, 715 (1977). When the lessor and the lessee are related, however, the lessee's deduction for rent is limited to the rent it would have paid had the terms of the lease been reached at arm's length; i.e., the lessee's deduction is limited to the premises' fair rental value. Sparks Nugget, Inc. v. Commissioner, 458 F.2d 631, 635 (9th Cir. 1972), affg. T.C. Memo. 1970-74; Levenson & Klein, Inc. v. Commissioner, supra at 715; see also Milbrew, Inc. v. Commissioner, supra at 1308. Fair rental value is a factual determination, Utter-McKinley Mortuaries v. Commissioner, 225 F.2d 870, 872-873 (9th Cir. 1955), affg. a Memorandum Opinion of this Court, and petitioner bears the burden of proof, Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Close scrutiny of the facts is appropriate here because the lessee (petitioner) and the lessor (the Schwalbachs) are related. Ingle Coal Corp. v. Commissioner, 174 F.2d 569, 571 (7th Cir. 1949), affg. 10 T.C. 1199 (1948); Limericks, Inc. v. Commissioner, supra at 484; Estate of Schneider v. Commissioner, 88 T.C. 906, 938 (1987), affd. 855 F.2d 435 (7th Cir. 1988).

We are satisfied that petitioner paid the Schwalbachs fair rental value for the River Falls building. In the respective years at issue, petitioner's rental rate equaled no more than $17.53 and $17.26 per square foot ($63,113/3,600 sq. ft. and

$62,128/3,600 sq. ft.).[2] These rental rates, which were reached by the parties to the lease following their informed review, are slightly higher than the square footage rates that the Schwalbachs charged the tenants of the Hudson building. Given the additional fact that the Hudson building is unimproved property, and that the River Falls building is an established dental clinic, we believe that the market adequately supports the rental rates that the Schwalbachs charged petitioner for the River Falls building.

Respondent looks to the $7 rate charged to Dr. Nelson and argues that this rate represents the fair rental rate of space in the River Falls building. We do not agree. The $7 rate charged Dr. Nelson is not an adequate measure of fair rental value. Dr. Schwalbach was prompted to let the premises to Dr. Nelson in order to secure his presence in the building 1 day a week. We do not believe that Dr. Nelson let the premises at the price that a lessee would have paid an unrelated lessor to use the premises daily seeing that Dr. Nelson used the premises only 1 day a week, and petitioner was entitled to use the space on other days. Such a compulsion on the part of the lessor, and such a limitation on the part of the lessee, is contrary to the test of fair rental

---

[2] We are unable to determine the exact rental rate for the 3,600 square feet of building space because the record does not reveal the amount of rent that was attributable to petitioner's lease of the parking lot.

value.  Accordingly, the rate charged Dr. Nelson was not the measure of fair rental value.

As to the remaining issue, i.e., the deductibility of the NOL, section 172 allows a taxpayer to deduct an NOL equal to the sum of NOL carryovers plus NOL carrybacks to that year.  Sec. 172(a).  Petitioner, as the claimant of an NOL, must prove its right thereto.  United States v. Olympic Radio & Television, Inc., 349 U.S. 232, 235 (1955).  A deduction for an NOL is not a matter of right; it is a matter of legislative grace.  Id.; Deputy v. duPont, 308 U.S. 488, 493 (1940).

The record does not show that petitioner incurred an NOL in 1992, or that any portion of this NOL, if in fact one was sustained, was properly applied in 1993.  Petitioner must prove not only that it had an NOL in 1992, but that a portion of an NOL was properly deductible in 1993.  See Jones v. Commissioner, 25 T.C. 1100, 1104 (1956), revd. and remanded on other grounds 259 F.2d 300 (5th Cir. 1958); Vaughan v. Commissioner, 15 B.T.A. 596 (1929); see also sec. 172(b)(1)(A), (2), and (3) (absent an election to the contrary, an NOL for any taxable year must first be carried back 3 years and then forward 15 years).  Although petitioner's 1993 tax return reports that petitioner incurred an NOL in 1992, and that it carried back a portion of this loss to 1989, these representations are not enough for petitioner to meet its burden.  See Jones v. Commissioner, supra at 1104.  We hold

for respondent on this issue.  In reaching all our holdings herein, we have considered all arguments by the parties for contrary holdings, and, to the extent not discussed above, find those arguments to be irrelevant or without merit.  To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.