TAX COURT OF NEW JERSEY



**CHRISTINE M. NUGENT**
JUDGE

153 Halsey Street
Gibraltar Building – 8th Floor
Newark, New Jersey 07101
(609) 815 – 2922 Fax: (609) 815-2922

March 16, 2020

Antonio Manente, *self-represented*
316 10th Street
Jersey City, New Jersey 07087

Miles Eckardt
Deputy Attorney General
25 Market Street, P.O. Box 106
Trenton, New Jersey 08625

   Re:  Antonio Manente v. Director, Division of Taxation
      Docket No. 010919-2018

Dear Mr. Manente and Mr. Eckardt:

This is the court's decision after consideration of the motions for summary judgment filed by the parties. For the reasons set forth below, the court denies plaintiff's motion for summary judgment, and grants defendant's cross-motion affirming the decision of the Director.

## I.  Statement of Facts and Procedural History

The court finds the following facts based on the submissions of the parties. R. 1:7-4.

Plaintiff filed a New Jersey Resident Gross Income Tax return for tax year 2016 on which he reported $0 gross income. Plaintiff did not include a W-2 statement with his tax return, but instead attached Federal Form 4852. Federal Form 4852 is designed to serve as a substitute for Form W-2 (or for Form W-2c or 1099-R). The general instructions explain that Form 4852 is to be completed by taxpayer and attached to the income tax return when "(a) your employer . . . does not issue a Form W-2 . . . or (b) an employer has issued an incorrect Form W-2." In this case, a W-2 had been issued to plaintiff by Internet Creations, LLC, Hamilton, New Jersey, listing plaintiff






as employee, listing Internet Creations as employer, with "wages, tips, other compensation" in the amount of $59,514, and withholding of both federal and state tax. According to plaintiff he filed Form 4852 "to replace and/or rebut incorrect Form(s) W-2," contending that the monies received for services he performed for Internet Creations reflected as wages on the W-2 did not constitute taxable wages. On the filed tax return, plaintiff sought a refund of withholding taxes in the amount of $1157. Under separate cover plaintiff sent defendant an altered W-2 form where plaintiff wrote $0 in the wages section. Based on the original, unaltered W-2, defendant adjusted plaintiff's 2016 taxable income from $0 to $59,514 as reported by Internet Creations. The adjustment resulted in a tax liability of $644.48 with late penalty, and interest computed to February 15, 2018. The lynchpin of plaintiff's challenge is that he received a refund of his federal withholdings from the IRS. The IRS transcript listed wages as $0.

Plaintiff filed a timely protest grounded in concepts of federal law. He characterized his employment as follows:

> My "Wages" remain taxable under current New Jersey statutes (sic) is baseless. Internal Revenue Service Code dictates what is taxable and as per my IRS 2016 Return I receive (sic) a total refund including interest. Please be advised that in 2016 I was an unprivileged worker in the private-sector, not an "Employee" as defined in 26 USC. This private-sector organization characterized payments as "Wages" and filed erroneous tax information returns. I had and am rebutting their claims, stating that I was a private-sector worker (non-federal worker), working or private-sector organizations (non-federal entities) as defined in 340(c)(d). I did not hold any federally-privileged positions, so I had no "Wages" as defined in the IRC sections 3401(a) and 3121(a).

The Division of Taxation, Conference and Appeals section conducted an administrative conference and the Director issued a Final Determination upholding the liability with additional accrued interest for a total due of $659.17. Plaintiff filed a timely complaint in this court challenging the Final Determination, then moved for summary judgment in which he relies both

2

on federal statutory law and the Sixteenth Amendment to invalidate the tax. Defendant cross-moved for summary judgment and the court conducted oral argument on the motions.

## II. Legal Analysis

### A. Summary Judgment Standard

Summary judgment shall be granted if "pleadings, dispositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995). "There is a genuine issue of material fact only if, considering the burden of persuasion at trial, the evidence submitted by the parties, on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c). "By its plain language R. 4:46-2 dictates that a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a 'genuine issue as to any material fact challenged.'" Brill at 529.

Here, both parties contend there is no issue of material fact and that the matter is ripe for summary judgment. The court also finds no need to engage in further fact finding in this matter. The standard set forth in Brill, requiring the court "to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party," has been met and the matter is ripe for summary judgment.

### B. Agency's Determination Entitled to Presumption of Correctness

In its review the court is guided by the well-settled standard that determinations of Taxation are presumed to be correct. Campo Jersey, Inc. v. Dir., Div. of Taxation, 390 N.J. Super. 366, 383

(App. Div.), certif. den. 190 N.J. 395 (2007); L&L Oil Service, Inc., v. Dir., Div. of Taxation, 340 N.J. Super. 173, 183 (App. Div. 2001). Taxation's decisions are afforded such treatment because "[c]courts have recognized [Taxation's] expertise in the highly specialized and technical area of taxation." Aetna Burglar & Fire Alarm Co., v. Dir., Div. of Taxation, 16 N.J. Tax 584, 589 (Tax 1997) (internal citations omitted). However, courts are the final authority over interpretation of statutes. Koch v. Dir., Div. of Taxation, 157 N.J. 1, 15 (1999).

C. *New Jersey and Federal Wage Statutes*

New Jersey imposes a tax on the gross income of residents of this State. N.J.S.A. 54A:2-1. Under the New Jersey Gross Income Tax Act ("GIT"), a New Jersey resident is taxed on 100% of income. N.J.S.A. 54A:5-1; Guzzardi, Estate of, v. Dir., Div. of Taxation, 15 N.J. Tax 395, 397 (1995), aff'd 16 N.J. Tax 374 (App. Div. 1996) ("domicile or residence provides a sufficient basis for taxing all income received during the taxable year without regard to its source").

The New Jersey Legislature has designated various categories of income to be included to determine an individual's taxable gross income. N.J.S.A. 54A:5-1. The first enumerated category of income included in New Jersey taxable gross income consists of

> Salaries, wages, tips, fees, commissions, bonuses, and other remuneration received for services rendered whether in cash or in property, and amounts paid or distributed, or deemed paid or distributed, out of a medical savings account that are not excluded from gross income pursuant to section 5 of P.L.1997, c.414 (C.54A:6-27).
>
> [N.J.S.A. 54A:5-1(a).]

According to plaintiff since the Legislature did not define these terms, the definition of "salaries, wages, tips, fees, commissions, bonuses and other remuneration received" must be interpreted according to definitions set forth in the Internal Revenue Code. Plaintiff posits that reading I.R.C. 3401(a) and (c) together supports the conclusion that he did not receive "wages"

4

since he is not an "employee" as defined by federal statute. I.R.C. 3401(a) reads in pertinent part: "Wages. For purposes of this chapter, the term "wages" means all remuneration (other than fees paid to a public official) for services performed by an employee for his employer . . . ."

In defining "employee," the statute reads,

> "Employee. For purposes of this chapter, the term "employee" includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term "employee" also includes an officer of a corporation."
>
> [I.R.C. 3401(c).]

Plaintiff contends that he "is not an officer of a corporation, an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing." He argues as well that the term "includes" as used in I.R.C. 3401(c) should be read as "includes, and is limited to . . . ." Plaintiff concludes that since he is not an officer, employee, or elected official of the United States he may not be properly "include[d]" as an employee subject to tax under the GIT. He cites as well to definitions in § 34.3401(c) of the federal Employment Tax Regulations for his contention that pursuant to the regulation he was not an "employee," and likewise seeks to rely on the definition of "wages" and "employment" found in the Social Security withholding statute. U.S.C. § 3121.[1]

---

[1]     Plaintiff is not the first to assert this position. In fact, attached to the Final Determination, Taxation reproduced the language from Bulletins issued in 2006 by the IRS that reference "Tax Scams for 2006" in which taxpayers file Form 4852 with zero wages in reliance on I.R.C. 3401 and I.R.C. 3121. "The Service is aware that some taxpayers are claiming that only federal employees and persons residing in Washington, D.C. or federal territories and enclaves are subject to federal tax. These taxpayers may attempt to avoid their federal tax liability by submitting a Form 4852 . . . to the Internal Revenue Service with a zero on the line for the amount of wages received. These taxpayers may also file tax returns showing no income and claiming a refund for

5

According to defendant, N.J.S.A. 54A:5-1(a) can only be interpreted to mean that the Legislature intended to tax resident individuals on all compensation received for services during a taxable year and asks that the court reject plaintiff's arguments as being based largely on inaccurate interpretations of the GIT and reliance on inapplicable federal law. The court finds defendant's argument to be persuasive. In the instant case, plaintiff provides no legal support for his claim that interpretation of the GIT should depend upon federal law. Moreover, in construing the GIT, the New Jersey Supreme Court has declared that it is not modeled by or based on the Internal Revenue Code. Smith v. Dir., Div. of Taxation, 108 N.J. 19, 32 (1987) ("The federal income tax model was rejected by the Legislature in favor of a gross income tax to avoid the loopholes available under the Code."). Neither the federal law nor the IRS's determination to issue plaintiff a tax refund has any bearing on the issues presented to this court. The GIT governs plaintiff's challenge.[2]

---

withheld income taxes." IR-2006-25; see also Waltner v. Comm'r, 107 T.C.M. (CCH) 1189, 2014 Tax Ct. Memo LEXIS 35, aff'd, 659 App'x 440 (9th Cir. 2016). Defendant brought the Waltner case to this court' attention. While it is an unpublished federal opinion, the court cites the case not for its precedential value, but as another example of the instant fact pattern. R. 1:36-3. The Waltner court conducts a thorough analysis of a book entitled "Cracking the Code" which advocates for taxpayers to attempt to circumvent federal income taxes by e.g., declaring oneself a "private-sector" worker on tax returns, asserting that the term "employee" refers only to federal government workers, and adopting a suspect statutory interpretation of the word "includes." Waltner, 2014 Tax Ct. Memo LEXIS 35, at *36, *61-21. The book "advises readers to follow its positions notwithstanding the consequences." Id. at *35. The Waltner court stresses that the positions espoused are contrary to the applicable statutes, regulations, and case law. The court imposed sanctions putting "future litigants on notice that the positions advances . . . are frivolous and relying on those positions may result in sanctions." Id. at *72. See also, Pabon v. Commissioner, T.C.M. 1994-476 (1994) (taxpayer's frivolous position that she was not subject to tax because she was not an employee of the federal or state governments warranted sanctions of $2500).

[2] Plaintiff does frame his challenge, in part, on the language of the GIT in that plaintiff seeks to rely on the federal nonrecognition provision incorporated in the statute. In so doing, plaintiff misconstrues the IRS refund as "nonrecognition," however, nonrecognition relates to sales. N.J.S.A. 54A:5-1(c) ("The term 'net gains or net income' shall not include gains or income *from transactions* to the extent to which nonrecognition is allowed for federal income tax purposes.") (emphasis added).

The New Jersey Supreme Court has instructed the courts to interpret a statute by utilizing the plain meaning of its language when possible:

> It is well-established that in construing a statute, one must first consider its plain language. . . . [S]uch language should be read according to its ordinary or general meaning, so long as that reading comports with the statute's legislative intent. If the statute is clear and unambiguous on its face and admits of only one interpretation, [courts should] delve no deeper than the act's literal terms to divine the Legislature's intent.
>
> [Koch v. Dir., Div. of Taxation, 157 N.J. 1, 7 (1999) (internal citations omitted).]

As the record makes clear, plaintiff does not deny he received $59,514 from Internet Creations for services he provided to the company in tax year 2016, but rather he acknowledges that fact in his answers to interrogatories. Plaintiff argues only that as defined by federal law the income does not constitute taxable wages since he is a "non-federal worker." By its plain language the GIT does not limit earnings to those of federal employees.

As defendant further argues, where the court finds that plaintiff's receipts constitute wages paid to an employee, plaintiff must prove to the court that an exemption to the statute applies in order to receive relief from the assessment. "[T]he rule of strict construction . . . means that the exemption is not to be extended beyond the ascertainable legislative intention." Millington Quarry, Inc. v. Dir., Div. of Taxation, 5 N.J. Tax 144, 148 (Tax 1983) (citation omitted). Thus, where a taxpayer seeks the substantial benefit of a tax exemption, that taxpayer bears the heavy burden of proving that it meets all of the elements of the exemption. L.B.D. Construction, Inc. v. Dir., Div. of Taxation, 8 N.J. Tax 338, 353 (Tax 1986). All doubts which arise as to eligibility for a tax exemption must be resolved against the taxpayer claiming this tax benefit. See, e.g., Mal Brothers Contracting Co. v. Dir., Div. of Taxation, 124 N.J. Super. 55 (App. Div.), cert. denied 63

7

N.J. 554 (1973). Plaintiff has not met this high burden, having made no showing that a specific statutory exemption applies.

*D. The Sixteenth Amendment*

In the alternative, plaintiff argues that the action of the Director is barred by the Sixteenth Amendment, which does not allow for a direct and un-apportioned tax. The Sixteenth Amendment to the United States Constitution provides that ". . . Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S. Const. amend. XVI. Through passage of the Sixteenth Amendment the Federal Government was authorized to impose and collect an income tax "without apportionment," or, without the need to collect an equal share of tax from each state based on its population. Plaintiff's reliance on the Sixteenth amendment is misplaced since it pertains to the federal government's taxing power and does not preclude a state's taxation on its resident's gross income.

Conclusion

For the reasons set forth herein, plaintiff's motion for summary judgment is denied. Defendant's cross-motion for summary judgment is granted denying the refund and affirming the assessment. The court will enter Orders consistent with this Opinion.

Very truly yours,


Christine Nugent, J.T.C.