VIRGIL W. MOORE AND FRANCES R. MOORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moore v. Commissioner
Docket No. 614-86.
United States Tax Court
T.C. Memo 1987-499; 1987 Tax Ct. Memo LEXIS 495; 54 T.C.M. (CCH) 749; T.C.M. (RIA) 87499; September 28, 1987; As amended September 29, 1988 Steven Reick, for the petitioners. James S. Stanis, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent *498 determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1977
$ 11,835
1978
12,084
After concessions, we must decide whether income resulting from the discharge of a partnership's indebtedness is to be taxed as ordinary income or capital gain. Petitioners resided in Florida when their petition was filed. Their case was submitted fully stipulated, and the facts set forth in the stipulation are incorporated as our findings by this reference. Petitioners were partners in TRD Limited (TRD). On August 14, 1978, TRD dissolved without funds to pay nonrecourse liabilities totaling $ 3,939,119. The parties agree that petitioners realized $ 35,290 as a direct result of the partnership's relief from its indebtedness. Relying on sections 752(b) [1] and 731, petitioners maintain that this income is taxable as capital gain. Section 752(a) provides that any increase in a partner's share of partnership liabilities shall be treated as a contribution of money by the partner to the partnership. The partner's basis in his partnership interest is increased by the amount of the deemed "contribution." Sections 705, 722. Conversely, *499 section 752(b) provides that any decrease in a partner's share of partnership liabilities shall be treated as a distribution of money by the partnership to the partner. The partner's basis in his partnership interest, which was increased when the liabilities were originally incurred, is reduced by the amount of the deemed "distribution." Sections 705, 733. Section 731(a) provides that the partner will recognize gain if the amount distributed exceeds his adjusted basis in the partnership immediately before the distribution. That section also states that gain recognized as a result of the distribution shall be treated as gain from the sale or exchange of a partnership interest. Such gain is treated as gain from the sale or exchange of a capital asset. Section 741. Respondent contends that petitioners' income must be taxed as ordinary income pursuant to sections 61(a)(12) and 702. Section 702(a) states that a partner must recognize his distributive share of the partnership's income. Section 702(b) provides that the character *500 of any item of income included in a partner's distributive share of partnership income must be determined as if that item of income were realized directly by the partner. Discharge of indebtedness income is generally taxed at ordinary rates. See section 61(a)(12); United States v. Kirby Lumber,284 U.S. 1 (1931). Respondent consequently argues that petitioners' distributive shares of TRD's discharge of indebtedness income must be taxed as ordinary income. The United States Court of Appeals for the Fifth Circuit addressed this issue in Stackhouse v. United States,441 F.2d 465 (5th Cir. 1971). In that case, an insolvent partnership paid $ 30,000 in settlement of a $ 126,882.86 debt. The Commissioner determined that the individual partners recognized ordinary income from discharge of the indebtedness, and the District Court agreed. Stackhouse v. United States, an unreported case ( W.D. Tex. 1970, 27 AFTR 2d 71-414, 71 USTC par. 9128). The taxpayers appealed, relying on sections 752 and 731. The appellate court attempted to reconcile the provisions of Subchapter K governing the treatment of partnership liabilities with the general *501 rule governing discharge of indebtedness income. The court held that the discharge of partnership indebtedness resulted in a distribution to the partners under section 752(b). Pursuant to section 731, each partner recognized gain to the extent that the amount distributed exceeded his adjusted basis in his partnership interest. Because no language in section 61(a)(12) explicitly forbids reference to section 731(a), the court concluded that "[s]ection 731(a) merely prescribes the rules for indebtedness to be included in the taxpayers' gross income under section 61(a)(12). In a sense then we are giving effect to both sections of the Code." 441 F.2d at 470. The court held that the taxpayers' income must be taxed as capital gain. In Gershkowitz v. Commissioner,88 T.C. 984 (1987), a case appealable to the United States Court of Appeals for the Second Circuit, we expressly declined to follow Stackhouse v. United States, supra. We stated: While the analysis used by the Fifth Circuit is appealing in that it purports to integrate the two sets of rules dealing with the discharge of indebtedness, the court failed to recognize that income *502 recognized by a partner pursuant to section 731(a) is included in that partner's gross income under section 61(a)(3) rather than under section 61(a)(12). Income realized by a partnership under section 61(a)(12) must be recognized by the partners as ordinary income under section 702. The recognition of such income provides each partner with an increase in the adjusted basis of his partnership interest under section 705. The distribution provision of section 752(b) serves to offset the basis increase received by each partner when the indebtedness was incurred and does not provide for the distribution of section 61(a)(12) income. Distributions under section 752(b) result in capital gain under section 731(a). The two set of rules operate independently and simultaneously. The Fifth Circuit, in Stackhouse, failed to consider the ordinary income character of the income from the discharge of indebtedness under section 61(a)(12) as opposed to the capital gain recognized under section 731(a). For the above-stated reasons, petitioners' reliance on Stackhouse is misplaced. * * * Because each petitioner herein was solvent at the time the debts were discharged, each must recognize *503 ordinary income with respect to his share of the partnership's income under section 702(a)(8). This income will provide each partner with an increase in basis under section 705(a)(1)(A). At the same time, each partner will receive a distribution from the partnership in an amount equal to his share of the partnership indebtedness. Sec. 752(b). This distribution will offset each partner's basis under section 733(1). Thus, the increase in basis under section 705, coupled with the distribution and decrease in basis under sections 752 and 733 result in a net change of zero in each partner's basis. The optional adjustments to basis enacted by the Bankruptcy Tax Act of 1980 were intended to change this result. S. Rept. 96-1035, at 21 (1980) [1980-2 C.B. 631.]. [88 T.C. at 1008-1009.] Respondent asserts that we need not follow Stackhouse because the appellate court's reasoning was incorrect. This argument does not merit serious discussion. The parties agree that Stackhouse is factually indistinguishable from this case. This case is appealable [Text Deleted by Court Emendation] to the United States Court of Appeals for the Eleventh Circuit. *504 Decisions of the United States Court of Appeals for the Fifth Circuit that predate the creation of the Eleventh Circuit are generally binding on lower courts within the Eleventh Circuit. Bonner v. City of Prichard,661 F.2d 1206, 1207 (11th Cir. 1981). Thus, although we may disagree with Stackhouse, we are nevertheless bound by its holding. Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). We must now determine the amount of petitioners' gain. Generally, a partner must recognize gain to the extent that a "distribution" pursuant to section 752(b) exceeds his adjusted basis in his partnership interest. Section 731(a)(1). Petitioners realized discharge of indebtedness income in the amount of $ 35,290. On December 31, 1977, petitioners' basis in their partnership interest was $ 6,859. This amount must be adjusted to reflect petitioners' distributive share of the partnership's loss. Section 705(a)(2). For its taxable year ended August 14, 1978, TRD reported an ordinary loss of $ 402,341; petitioners' share of this partnership loss was $ 4,265. Petitioners' adjusted basis in their TRD partnership *505 interest was therefore $ 2,594 ($ 6,859 - $ 4,265 = $ 2,594), and petitioners must recognize capital gain of $ 32,696 ($ 35,290 - $ 2,594 = $ 32,696). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩