CRABTREE, J.T.C.
Plaintiffs seek review of a deficiency in gross income tax determined by defendant for tax year 1988 in the amount of $6,826, plus interest and penalty.
*389 The issues in this case are (1) whether plaintiffs[1] share of partnership indebtedness released at the time of and as part of the consideration for the sale of plaintiffs interest in the partnership constitutes cancellation of indebtedness income, or part of the net gain, or income from the disposition of property within the purview of N.J.S.A. 54A:5-l(c); (2) whether plaintiffs basis in his partnership interest should be the same for both federal and New Jersey income tax purposes; and (3) whether depreciation recapture income under the federal Internal Revenue Code is part of the net gain or income from the disposition of property within the purview of N.J.S.A. 54A:5-l(c).
The facts have been fully stipulated pursuant to R. 8:8-l(b).
In 1983, plaintiff purchased a limited partnership interest in US Cable of Tri-County, Ltd. (the partnership), for $75,000 in cash. He also agreed to be personally liable for a portion of the partnership’s indebtedness to a third party. As of December 31, 1987, and until the sale of his interest, the amount of plaintiffs liability was $136,895.
In 1988, in a single transaction, and pursuant to an Agreement for Sale of Partnership Interest, plaintiff sold his entire interest for (1) $125,000 in cash, (2) an additional constructive payment on his behalf of $143,161 that eliminated the deficit in his capital account, and (3) a release from creditors of the partnership of his personal liability for partnership debt.[2]
On their 1988 federal income tax return, plaintiffs reported $268,161 of income with respect to the sale of the partnership *390 interest. They reported $217,785 as capital gain and $50,376 as depreciation recapture income.
On their 1988 New Jersey gross income tax return, plaintiffs reported $50,000 of gain from the sale of plaintiffs partnership interest. This amount was the difference between the cash proceeds of $125,000 and the cash price paid for the interest.
Defendant determined that plaintiffs should have reported the same amount of gain for gross income tax purposes as they reported for federal income tax purposes and determined the deficiency at issue here.
The primary issue in this case, namely, whether the amount of indebtedness from which plaintiff was released at the time he sold his interest in the partnership is part of the net gain or income from the disposition of property, or is income from the discharge of indebtedness, arises out of the disparate treatment accorded discharge of indebtedness income under the federal Internal Revenue Code and the New Jersey Gross Income Tax Act. Discharge of indebtedness income is subject to federal taxation pursuant to section 61 of the Code, which defines gross income as “all income from whatever source derived” and also, specifically includes income from discharge of indebtedness. Section 61(a)12. The New Jersey Gross Income Tax Act, on the other hand, only taxes expressly identified classes of income, in which discharge of indebtedness income is not included. This disparate treatment by federal and New Jersey law has been acknowledged by our Supreme Court, in Smith v. Director, Division of Taxation, 108 N.J. 19, 32, 527 A.2d 843 (1987). See also Vasudev v. Taxation Div. Director, 13 N.J. Tax 223, 231 (Tax 1993).
If, however, the release by the partnership’s creditors of plaintiffs personal liability for his share of partnership indebtedness at the time and as part of the sale of plaintiffs interest in the partnership constitutes part of the amount realized (a necessary element of net gain) by plaintiff in connection with the sale, then *391 the amount of indebtedness so released is taxable as a net gain from the disposition of property under N.J.S.A 54A:5-l(c).
As different tax treatment has been historically accorded discharge of indebtedness income (taxable at ordinary rates) and capital gains (taxable at preferential rates) under federal law, it behooves the court to examine the provisions of the Internal Revenue Code dealing with the transfers of partnership interests and the treatment of partnership liabilities assumed by the transferees of such interests.
To begin with, Code section 741 provides that in the case of a sale or exchange of interest in a partnership, gain or loss shall be recognized to the transferor partner, and such gain or loss is considered as gain or loss upon the sale or exchange of a capital asset. Secondly, as to the treatment of partnership liabilities, section 752(a) declares that any increase in a partner’s individual liabilities by reason of such partner’s assumption of partnership liabilities is considered a contribution of money to the partnership. Conversely, section 752(b) provides that any decrease in a partner’s share of partnership liabilities, or in a partner’s assumed liabilities, is considered a distribution of money by the partnership.
Section 731(a)(1) provides that where money is distributed to a partner by the partnership, capital gain is recognized to the partner to the extent that the distribution exceeds the partner’s basis in the partnership immediately prior to the distribution. Section 752(d) provides that in the case of a sale or exchange of an interest in a partnership, liabilities shall be treated in the same manner as liabilities in connection with the sale or exchange of property not associated with partnerships.
Finally, section 1001(b) provides that the amount realized from the sale or other disposition of property is the sum of money received, plus the fair market value of property (other than money) received. Treas.Reg. section 1.1001-2(a), interpreting Code section 1001(b), provides that the amount realized from a sale or other disposition of property includes the amount of liabilities from which a seller is discharged as a result of the sale *392 or other disposition. The application of that principle is illustrated in Example (3) of Treas.Reg. section 1.1001-2(c), which postulates the sale of a partnership interest and concludes that the selling partner’s proportionate share of partnership liabilities is. treated as money received and thus is included in the amount realized on the sale of the partnership interest.[3]
The case of Commissioner of Internal Revenue v. Tufts, 461 U.S. 300, 103 S.Ct. 1826, 75 L.Ed.2d 863 (1983), rehearing denied 463 U.S. 1215, 103 S.Ct. 3555, 77 L.Ed.2d 1401 (1983) acknowledged the interrelationship of sections 752(d) and 1001(b) in holding that the amount due on the nonrecourse obligation of a partnership was includable in the amount realized on the sale of partnership interests, even though the fair market value of the property securing the indebtedness was less than the amount of the indebtedness.
Plaintiff cites Moore v. Commissioner, T.C. Memo. 1987-499, an unpublished opinion of the United States Tax Court, as authority for his contention that the release of liability constitutes a discharge of indebtedness income and is therefore not taxable under the New Jersey Gross Income Tax Act. The argument is without merit.: In the first place, Moore did not involve the sale of a partnership interest. It involved the dissolution of a partnership, in. the course of which, the taxpayer was relieved of his proportionate share of partnership liabilities. Arguably, the forgiveness of partnership debt represented a distributive share of partnership income under Code section 702 and was thus taxable as ordinary income in accordance with section 61(a)(12), an analysis supported by the case of Gershkowitz v. Commissioner, 88 T.C. 984, 1987 *393 WL 49310 (1987). The facts in the case under review are different from the facts in Moore. In the case before the court there was no forgiveness of indebtedness at the partnership level; rather, plaintiff, not the partnership, was relieved of his contractual share of partnership liabilities as part of the consideration for the sale of his interest in the partnership.
Secondly, although the court’s analysis was consistent with Gershkowitz, it felt compelled to follow the case of Stackhouse v. United States, 441 F.2d 465 (5th Cir.1971), in which case the reduction of a partnership debt was treated as capital gain to the partners under section 731. As an appeal from the court’s decision would be taken to the Eleventh Circuit (the successor to the Fifth Circuit), the Tax Court, following Golsen v. Commissioner, 54 T.C. 742, 1970 WL 2191 (1970), aff'd, 445 F.2d 985 (10th Cir.1971), was obliged to follow Stackhouse.
Finally, the court’s decision in Moore has no precedent value, even within the federal system, as the opinion was not officially published.
The court concludes, in view of the foregoing, that plaintiffs share of partnership debt released at the time of the sale of plaintiffs interest in the partnership was properly includable in the amount realized in connection with the sale and was not income from the discharge of indebtedness.[4]
*394 The next step in determining net gain or income from the disposition of property, within the purview of N.J.S.A 54A:5-l(c), is to ascertain plaintiffs basis in his partnership interest at the time of the sale thereof, in 1988. The statute directs that, in determining gain or loss, the adjusted basis for federal income tax purposes shall be used. By reason of partnership losses passed through to plaintiff in the years 1983 to 1988, the federal adjusted basis in plaintiffs partnership interest was zero at the time of the sale in 1988. Plaintiff argues that his basis should be $75,000 for New Jersey gross income tax purposes, because he was unable to take advantage of the partnership losses in view of the prohibition of N.J.S.A 54A:5-2 against netting of intercategory gains and losses.
Plaintiff is arguing for the application of the tax benefit rule in New Jersey, a position which this court has twice repudiated. See Vasudev v. Taxation Div. Director, supra, and Spinella v. Director, Division of Taxation, 13 N.J.Tax 305 (Tax 1993). In those cases, this court held that there was no warrant, under the New Jersey Gross Income Tax Act, for the application of a tax benefit rule, and therefore, that no justification existed for not applying the statutory command of N.J.S.A 54A:5-1(c), that the federal adjusted basis be used.
The final issue to be addressed is plaintiffs argument that the portion of the gain attributable to depreciation recapture under the federal tax law be excluded from calculation of the net gain upon sale of plaintiffs partnership interest under the New Jersey Gross Income Tax Act.
Depreciation recapture is a carryover from the days when preferential rates, called capital gains, were applied to the sale of property. The Code provided that upon sale of certain deprecia-ble property, so much of the gain as was attributable to pre-sale depreciation was taxed at ordinary income rates and was not capital gain. New Jersey law makes no such distinction. All *395 income is taxed at the rate applicable to a particular level of income, without regard to whether the income is capital or ordinary.
The income attributable to the sale of plaintiffs partnership interest constitutes a net gain or income from the disposition of property within the purview of N.J.S.A. 54A:5-l(c), and the fact that a portion of such income may be characterized as depreciation recapture for federal tax purposes is irrelevant.
Accordingly, the court finds that the amount realized by plaintiff on the sale of his interest in the partnership in 1988, was $268,-161 — the sum of $125,000 cash paid to him, and $143,161 in liabilities from which he was released at the time of the sale. The basis for his partnership interest at the time of the sale was zero; so the net gain or income from such sale was $268,161.
Judgment will be entered in accordance with this opinion.

 Hereinafter, the term plaintiff will refer to Sidney Koch only. Dorothy Koch is a parly solely by reason of her participation in the filing of a joint return.

 Plaintiff's capital account was reduced from negative $136,895, as of December 31, 1987, to negative $143,161, as of the date of sale in 1988, because such sale allowed plaintiff to deduct for federal income tax purposes the $6,957 of losses allocated to plaintiff during the years 1983 to 1987 that were not deductible during those years because of the “at risk” rules, and the partnership allocated to him $691 of income for 1988. ($136,895 + ($6,957 — $691) = $143,161).

 Reg. section 1.1001 — 2(a)(2) provides that the amount realized on a sale or other disposition of property that secures a recourse liability does not include amounts that are income from the discharge of indebtedness under section 61(a)(12). This is the only reference to discharge of indebtedness income in the Regulation. If there were any doubt about the treatment of indebtedness released in connection with the sale of a partnership interest, it would be removed by Example (3), referred to above, which includes the selling partner’s share of partnership liabilities in the amount realized on the sale of a partnership interest.

 While there was no evidence in this case concerning the source or consideration of creditors' release of plaintiff from his personal liability for partnership indebtedness, such proofs are not germane to the result in this case. As pointed out earlier in this opinion, the release of a partner from his share of partnership indebtedness is treated as though it were a cash distribution by the partnership to the partner. This is called a "deemed distribution" and, under sections 731, 741 and 752(b) of the federal Internal Revenue Code, it is accorded capital gain treatment. It also represents a distribution from the partnership to the partner. Thus, if the distribution is capital in nature, it may be treated for New Jersey gross income tax purposes as the sale, exchange or other disposition of property, pursuant to N.J.S.A. 54A:5-l(c), or, if it is viewed as a distribution, it is taxable as a distributive share of partnership income under Internal Revenue Code section 702 and as a distribution of the partner’s share of partnership income under NJ.S.A. 54A:5-1 (k). As New Jersey does not provide for differential rates, *394 i.e„ one rate for capital gains and another rate for ordinary income, the tax consequences are the same in either event.